Salvatore A. Giampiccolo, Esq.
Shirley D. Moreno, Esq.
**STEVENS & LEE, PC**
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel.: (201) 857-6767
Fax: (201) 371-7379

Andrew Samson, Esq.
**BARON SAMSON LLP**
27 Horseneck Road, Suite 210
Fairfield, New Jersey 07004
Tel.: (973) 244-0030
Fax: (973) 244-0016

*Attorneys for Defendants,
EMG Auto of Jersey City LLC d/b/a
Car Revolution and Elias M. Gonzalez*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSUE DAVID NEGRON VALCAREL, on behalf of himself and those similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>EMG AUTO OF JERSEY CITY LLC D/B/A CAR REVOLUTION, and ELIAS M. GONZALEZ,<br><br>        Defendants. | Civil Action No. 24-CV-2346<br><br>**NOTICE OF REMOVAL OF ACTION FROM STATE COURT** |

To:    The United States District Court For The District of New Jersey

**PLEASE TAKE NOTICE** that defendants, EMG Auto of Jersey City LLC d/b/a Car Revolution ("EMG") and Elias M. Gonzalez ("Mr. Gonzalez") (collectively referred to as "Defendants"), through their undersigned counsel, hereby remove the above-captioned action from

the Superior Court of New Jersey, Law Division, Burlington County (the "Burlington County Court"), bearing Docket No. BUR-L-000212-24, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Clerk for the Burlington County Court, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, Defendants rely upon the following:

1. On or about January 31, 2024, plaintiff, Josue David Negron Valcarel ("Plaintiff"), commenced this putative class action against Defendants by filing a class action complaint ("Complaint") in the Burlington County Court.

2. On or about February 1, 2024, Plaintiff filed an amended complaint ("Amended Complaint").

3. As more fully set out below, this case is properly removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 because Defendants have satisfied the procedural requirements for removal and said Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

**I.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. The Amended Complaint was first served on EMG on February 10, 2024. At this time, EMG first gained knowledge of the institution of this suit.

5. On February 10, 2024, the Amended Complaint was also served on Mr. Gonzalez. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the

Defendants, which papers include the summonses, the Complaint, and the Amended Complaint, are attached as **Exhibit A**. (Vega Decl. ¶ 5). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Burlington County Court.

6. Accordingly, the instant Notice of Removal is filed within thirty (30) days of Defendants' receipt of a copy of the initial pleading setting forth the claim for relief against it upon which the instant action is based. The time for filing this notice of removal under 28 U.S.C. § 1446(b) has not expired. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 357 (1999).

7. The Burlington County Court is located within the District of New Jersey. Therefore, venue is proper within the District of New Jersey pursuant to 28 U.S.C. § 1441 because said district is the district and division embracing the place where such action is pending.

8. No previous application has been made for the relief requested herein.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. This case is subject to removal pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C. including 28 U.S.C. § 1332) ("CAFA").

10. As set forth below, this is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) any member of the proposed class of Plaintiff's is a citizen of a state different from the citizenship of any Defendant; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. Class Action Consisting Of More Than 100 Members

11. In the Amended Complaint, Plaintiff purports to represent:

> "[a]ll persons who purchased or leased a motor vehicle from EMG at any time on or after the day six years prior to the date this Complaint was filed who (a) received a sales document with the terms the same or similar to the documentary fee terms on the front and back of the MVRO used in the transaction with Plaintiff; (b) were charged a documentary service fee where the sales document used in the transaction did not set forth in writing each specific documentary service performed or the price for each specific documentary service performed."

(Ex. A, Am. Compl. ¶ 104).

12. Plaintiff asserts that "[t]he members of the proposed Class are so numerous that joinder of all members of the class is impracticable as Defendants sold or leased hundreds or thousands of vehicles during the class period." (*Id.* ¶ 105).

### B. Diversity of Citizenship

13. CAFA expands federal diversity jurisdiction to permit class actions to be removed under certain conditions. 28 U.S.C. § 1332 (d)(2). As stated in *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193-94 (11th Cir. 2007):

> Congress enacted CAFA to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel. CAFA § 2, 119 Stat. at 5. CAFA seeks to address these inequities and abusive practices by, among other things, broadening federal diversity jurisdiction over class actions with interstate implications. CAFA § 2, 119 Stat. at 5; *see also Miedema,* 450 F.3d at 1329 ('[T]he text of CAFA plainly expands federal jurisdiction over class actions and facilitates their removal[.]').
>
> **CAFA amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by inserting a new subsection, § 1332(d). This new subsection works a sea change in diversity jurisdiction for certain class actions. It broadens diversity jurisdiction by establishing lower threshold requirements for jurisdiction and abrogating long-established precedent. Subject to certain exceptions designed to keep purely local matters and issues of particular state concern in the state courts, § 1332(d)(3) to (5), CAFA provides federal courts with jurisdiction over**

4

> **class actions provided that: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(2); and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs. § 1332(d)(2), (6);** *see also Miedema*, **450 F.3d at 1327;** *Evans v. Walter Indus., Inc.*, **449 F.3d 1159, 1163 (11th Cir. 2006).**

*Id.* (emphasis added).

14. Plaintiff alleges to reside in Somerdale, New Jersey. (*Id.* ¶ 5). However, Plaintiff's driver's license establishes that Plaintiff was a citizen of Juana Diaz, Puerto Rico within the meaning of 28 § 1332 as of 2022. (Vega Decl. ¶ 8).

15. The putative class as defined is not limited to New Jersey citizens. The putative class would include individuals who are citizens of other states, including but not limited to the contiguous states of New York, Pennsylvania, and Delaware, who made up more than two-thirds of Defendants' customers during the class period, and continue to do so to-date. (*See* Ex. A, Am. Compl. ¶ 104; Vega Decl. ¶ 9).

16. EMG is a limited liability company incorporated in New Jersey with its principal place of business located at 538 Route 38, Maple Shade, New Jersey 08052. Its sole member, Mr. Gonzalez, also resides within the State of New Jersey. Thus, both EMG and Mr. Gonzalez are citizens of New Jersey pursuant to 28 U.S.C. §1332.

17. Accordingly, minimal diversity exists between the parties.

    **C.**     **The Amount-In-Controversy Requirement Is Satisfied**

18. Plaintiff claims that Defendants employed deceptive practices by charging documentary service fees on the Motor Vehicle Retail Orders ("MVRO") or similar sales document but failing to itemize the specific services provided and prices for the services conducted. (Am. Compl. ¶¶ 2, 66-69, 106(b), 118-121, 128).

19. Plaintiff alleges three separate claims on behalf of the class and himself, comprising of the following: (1) violation of the New Jersey Automotive Sales Practices Regulations ("ASP") regulations and the New Jersey Consumer Fraud Act ("CFA"); (2) violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCNWA"); (3) declaratory judgment under the Uniform Declaratory Judgment Act ("UDJA"); and asserts three additional claims as to himself only, including: (4) violations of the CFA and the New Jersey Motor Vehicle Advertising Practices Regulations ("MVAP") regulations; (5) violations of the Used Car Lemon Law ("UCLL") and the CFA; and (6) violations of TCCWNA. Based on these allegations, Plaintiff seeks several forms of relief, including, but not limited to, the following: declaratory judgment, treble damages under the CFA, actual and statutory damages, full refund of purchased vehicle (as to Plaintiff alone), permanent injunctive relief, mandatory injunction, interest, and attorneys' fees and costs. (*Id.*, Prayer for Relief 26).

20. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Under this aggregated standard, Plaintiff's claim manifestly meets the jurisdictional threshold.

21. Defendants' documentary service fee charges, ranging from $399 to $799 per sale, which are the subject of the Amended Complaint, formed part of the transactions of vehicles sold throughout various states. For the past six (6) years, the asserted damage exposure period, Defendants' vehicle sales involving similarly situated documentary service fee on the MVRO or similar document totaled to approximately 4,036 transactions. (*See* Vega Decl. ¶ 10).

22. Plaintiff seeks treble damages, reasonable attorney's fees and costs, and reimbursement of all of the documentary service fees derived from those vehicle transactions

6

during the six-year period. Plaintiff's counsel was awarded $161,634.50 to $274,576.50 in similar putative class action matters. *See Seigelstein v. Shrewsbury Motors, Inc.*, 464 N.J. Super. 393, 398, 236 A.3d 1004, 1007 (App. Div. 2020); *Gambrell v. Hess Corp., Inc.*, No. A-4001-15T3, 2017 WL 2375700, at *2 (N.J. Super. Ct. App. Div. June 1, 2017).

23. The value of all such relief demanded (i.e. the amount in controversy, ¶ 20, the amount of attorneys' fees awarded in similar actions, ¶ 22, and economic consequences of economic relief, collectively) can reasonably be expected to exceed $5,000,000, exclusive of interest and costs. (*See id.* ¶¶ 10-11). *See Frederico v. Home Depot*, 507 F.3d 188, 196-200 (3d Cir. 2007); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396-97 (3d Cir. 2004).

24. Finally, CAFA's legislative history sets forth that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S.REP. 109-14 at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *Id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"), *Id.* at 27 ("the Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

**D.    The Exceptions to Federal Jurisdiction under 28 U.S.C. § 1332(d)(4) Do Not Apply Because An Overwhelming Majority Of The Putative Class Reside In Other States**

25. Under 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction under 28 U.S.C. § 1332(d) over a class action in which:

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—
  (aa) from whom significant relief is sought by members of the plaintiff class;

  (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

  (cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

26. As established in the Declaration of Elizabeth Vega, more than two-thirds of the putative class is domiciled in multiple states, including but not limited to New York, Pennsylvania, and Delaware. (*See* Vega Decl. ¶ 9).

27. As such, no exception to CAFA removal is applicable.

WHEREFORE, Defendants respectfully remove this action from the Burlington County Court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441.

Dated: March 11, 2024

By: */s/ Salvatore A. Giampiccolo*
Salvatore A. Giampiccolo, Esq.
**STEVENS & LEE, PC**
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel.: (201) 857-6767
Fax: (201) 371-7379
*Attorneys for Defendants,*
*EMG Auto of Jersey City LLC d/b/a*
*Car Revolution and Elias M. Gonzalez*